**Nancy L. Alper, Bar No. 411324**
**Senior Assistant Attorney General**
**Office of the Attorney General**
  **for the District of Columbia**
**400 6th Street, N.W.**
**Washington, DC 20001**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In the Matter of** ) | |
| ) | Case No. 24-00181 |
| **945 Longfellow ST, NW, LLC,** ) | |
| ) | Chapter 11 |
| Debtor and Debtor-in-Possession. ) | |

### OBJECTIONS OF THE DISTRICT OF COLUMBIA TO DEBTOR'S VERIFIED MOTION (i) TO SELL EPONYMOUS REAL PROPERTY; AND (ii) FOR AUTHORITY – BUT NOT OBLIGATION – TO ASSUME AND ASSIGN ALL LEASES AND EXECUTORY CONTRACTS

**COMES NOW** the District of Columbia ("District"), through the Office of the Attorney General for the District of Columbia, and files its Objections to Debtor's Verified Motion (i) To Sell Eponymous Real Property; and (ii) For Authority – But Not Obligation – To Assume and Assign All Leases and Executory Contracts ("Debtor's Motion to Sell"). In support thereof, the District states as follows:

### I. JURISDICTION

(1) This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. § 1104, *et seq.* This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. PARTIES

(2) The District, a municipal corporation empowered to sue and be sued, is the local government for the territory constituting the permanent seat of the government of the United States. The District files this action through its chief legal officer, the Attorney General for the District of Columbia. The Attorney General has general charge and conduct of all legal business of the District and all suits initiated by and against the District and is responsible for upholding the public interest. D.C. Code § 1-301.81(a)(1).

(3) Debtor 945 Longfellow St NW LLC ("Debtor") is located at 945 Longfellow Street, NW, Washington, DC 20011. Debtor is a single asset real estate limited liability company organized under the laws of the District of Columbia with a principal place of business located in the District. Since 2021, Debtor has owned a 100 percent fee simple interest in the Property which is an apartment building with 15 units.

## III. STATEMENT OF FACTS

### Preliminary Statement

(4) On Friday, May 29, 2024, Debtor filed its petition seeking bankruptcy protection under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"). Within two days. Debtor filed its Motion to Sell requesting an expedited hearing with any Objections due on Monday, June 3, 2024, by 5:00 p.m. and a hearing set for Tuesday, June 4, 2024, at 10:00 a.m.

(5) Such a limited opportunity to permit creditors and/or parties in interest to object results in the denial of due process that should be accorded such parties in a single asset real estate case where the only asset is the real property. Further, questions exist concerning the authority of a manager to file a petition in bankruptcy without a resolution of the members of the limited

liability company and questions exist regarding the merits of this transaction. Accordingly, the District objects to Debtor's Motion to Sell and believes that an opportunity to investigate this proposed sale is appropriate.

### IV. ARGUMENT

(6) Questions abound concerning the good faith filing of this bankruptcy and Debtor's Motion to Sell. According to the Chapter 11 petition, Ali Razjooyan is identified as the manager of the Debtor. The Resolution authorizing Debtor's filing of its bankruptcy has identified Mr. Razjooyan as "the duly authorized manager" who is accorded authority to sign bankruptcy petitions. Docket Entry No. 1 at 5.

(7) However, in the Purchase and Sale Agreement ("PSA") dated April 5, 2024, and appended to Debtor's Motion to Sell, Mr. Raznooyan is identified as the Member of the Debtor. Motion to Sell, Exhibit A, Docket Entry No. 8-1 at 13.

(8) Debtor's Motion to Sell states that the "Buyer is not an insider of the Debtor, is not controlled by any family members of the Debtor's principal, and has no legal relationship with the Debtor other than that created by the Contract." Docket Entry No. 1 at 3.

(9) In 2021, the District interviewed Mr. Razjooyan under oath, and he stated that he did not own or have an ownership interest in the Debtor. District law requires that a notice be filed before ownership in a residential tenant occupied property can be transferred, and there are no such notices on file for this Property.

(10) Further, District licensing records for the Debtor show no connection to Mr. Razjooyan. The Debtor was organized on August 3, 2021, by Jesper Nylen. On August 4, 2022, the Debtor submitted a periodic report indicating that the only governor of the Debtor was a Delaware limited liability company entitled "945 Longfellow St NE DE LLC." A search of the

Delaware Division of Corporations did not return any evidence that such an entity exists. Mr. Razjooyan is not listed on any entity documents filed with the District. Accordingly, Mr. Razjooyan has established no basis under which he has authority to put this entity into bankruptcy or contract to sell the Property.

(11) The proposed sale concerns a residential building that is occupied by tenants. The tenants are creditors to the bankruptcy, which was filed on Wednesday, May 29, 2024. The Motion to Sell was filed on Friday, May 31, 2024, with objections due the next business day, June 3. The tenants are lay people who receive notices through U.S. Mail. Accordingly, it is unlikely that the tenants have received notice of the bankruptcy at this time, let alone the Motion to Sell and attendant rushed objection deadline. Given that the proposed sale affects the ownership of the Property at which they live and where they have potential claims as creditors, at the very least this process needs to be halted to give the tenants the right to be notified and to object.

(12) The Purchase and Sale Agreement itself has provisions that are facially false, calling into question the viability of the Agreement. For example, section 5.E. of the Agreement states that the Seller is not in bankruptcy. This is, of course, now untrue.

(13) The Purchase and Sale Agreement is signed by Richard Balles. An entity owned by Mr. Balles was also identified as a proposed purchaser in six (6) other bankruptcies with similar Motions to Sell and expedited objection periods where Mr. Razjooyan was involved in organizing the Debtor and where the Debtor's representative alleged that Mr. Razjooyan's malfeasance necessitated the Debtor's bankruptcy petition. On Friday, May 31, 2024, the District participated in Creditor's meetings in these 6 additional bankruptcies, and during those meetings, the representative of each relevant Debtor indicated that Mr. Razjooyan brought the proposed

purchaser to the Debtor. Additionally, the representative of each relevant Debtor stated that Mr. Razjooyan at one point was 50% owner of each relevant Debtor; however, within the last few months, Mr. Razjooyan transferred his 50% ownership interest to the other owner without any compensation. These statements were made under oath by the Debtor's representative in each of the six creditors' meetings. The District seeks time to explore whether this proposed sale is, in fact, an arms-length transaction.

WHEREFORE, the District of Columbia objects to Debtor's Motion to Shorten Time and Debtor's Motion to Sell.

Date:  June 3, 2024

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

DAVID FISHER
Deputy Attorney General, Commercial Division

/s/ William Burk
William Burk, Section Chief,
Land Acquisition and Bankruptcy

/s/ Nancy L. Alper
NANCY L. ALPER (DC Bar 411324)
Senior Assistant Attorney General
400 6th Street, N.W.
Washington, DC  20001
(202) 724-8122
Nancy.alper@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Objections of the District of Columbia to *Debtor's Verified Motion (i) To Sell Eponymous Real Property; and (ii) For Authority – But Not Obligation – To Assume and Assign All Leases and Executory Contracts* was filed and served electronically through the Court's electronic case filing system, this 3rd day of June, 2024.

        /s/ Nancy L. Alper
        Nancy L. Alper